**Mary O'GRADY, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 99–36108.

D.C. CV–99–05118–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2001.\*\*

Decided April 23, 2001.

---

\* Larry G. Massanari is substituted for his predecessor, William A. Halter, as acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before TROTT, THOMPSON, and PAEZ, Circuit Judges.

MEMORANDUM ***

 Mary O'Grady appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration ("Commissioner") in his decision to reduce O'Grady's social security retirement insurance benefits under the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415(a)(7)(A), and in his calculation of the reduction under that provision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment *de novo* and we will affirm the Commissioner's decision if the Commissioner applied the correct legal standards and substantial evidence supports the Commissioner's decision. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999). We affirm the decision of the Commissioner that the WEP mandates a reduction in O'Grady's benefits, but we remand for a recalculation of the proper amount of that reduction.

In 1993, O'Grady began receiving an annuity from the Canadian government based on her employment with the Canadian Immigration and Medical Service. Under the plain terms of the WEP, O'Grady's social security retirement insurance benefits are subject to a reduction. 42 U.S.C. § 415(a)(7)(A). Substantial evidence supports the Commissioner's determination that O'Grady did not have sufficient years of social security coverage to qualify for an exemption from the WEP reduction under 42 U.S.C. § 415(a)(7)(D). We also find no merit in O'Grady's contention that she is exempt from the reduction pursuant to the Agreement Between the Government of the United States of America and the Government of Canada with Respect to Social Security or pursuant to the Convention between the United States of America and Canada with respect to Taxes on Income and on Capital.

However, our review of the record discloses that the Commissioner has erred in his calculation of the reduction. Only the portion of O'Grady's Canadian annuity that is based on employment after 1956 may be taken into consideration in calculating the reduction. 42 U.S.C. § 415(a)(7)(B) (reduction is based on "the portion of the monthly periodic payment which is attributable to noncovered service performed after 1956"); 20 C.F.R. § 404.213(b) (in calculating the WEP reduction, "we consider the amount of your monthly pension(s) (or the amount prorated on a monthly basis) which is attributable to your noncovered work after 1956"). The record reveals that the Commissioner, in calculating O'Grady's reduction, assumed that the entirety of her Canadian annuity was based on post–1956 employment. But the administrative record does

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not support this assumption. Instead, the evidence indicates that O'Grady's Canadian annuity was based on employment that commenced either in 1954 or in 1956. We remand to the district court with instructions to remand to the Commissioner for a determination of the date on which O'Grady's employment with the Canadian Immigration and Medical Service commenced and for a recalculation of the WEP reduction accordingly. On remand, the Commissioner may consider additional evidence to resolve any uncertainties in the record regarding O'Grady's dates of employment with the Canadian Immigration and Medical Service.

For the reasons stated, we AFFIRM in part, REVERSE in part, and REMAND to the District Court to REMAND to the Commissioner for further proceedings consistent with this opinion.